UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DELROY DAVID GILLESPIE,

Plaintiff,

v.                                                    DECISION & ORDER

ANDREW SAUL, Commissioner of                          19-CV-6268
Social Security,

Defendant.

## INTRODUCTION

**Pedersen, M.J.** Delroy David Gillespie ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding that he is no longer disabled and cannot continue to receive disability insurance benefits ("DIB") under Title II of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (Consent to Jurisdiction, ECF No. 15.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 11 & 15.) For the reasons stated below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB on July 16, 2007. (R.[1] 150–51.) On

---

[1] "R" refers to the filed record of proceedings from the Social Security Administration. (ECF No. 7.)

September 3, 2007, the Commissioner found Plaintiff disabled as of August 28, 2007. (R. 13, 61, 77–80.) The Commissioner conducted a Continuing Disability Review ("CDR")[2] and found that as of March 15, 2016, Plaintiff had experienced medical improvement[3] that would permit him to perform substantial gainful activity. (R. 65–68, 71–75.) Plaintiff contested this decision and requested a hearing. (R. 69, 82–104, 107.) On May 8, 2018, an Administrative Law Judge ("A.L.J.") conducted a hearing in Lawrence, Massachusetts, at which the claimant appeared via video and without representation. (R. 30–31.) A vocational expert also participated in the hearing. (*Id.*)

On May 23, 2018, the A.L.J. issued a decision confirming the initial finding that Plaintiff was no longer disabled. (R. 10–22.) In that decision, the A.L.J. found that since March 15, 2016, Plaintiff had the following medically determinable impairments: "history of fracture of lower left leg, multilevel degenerative disc disease, including foraminal narrowing and spondylosis, a small disc bulge at L4-5 and L5-S1 and lumbar radiculopathy." (R. 15, 17–18.) The A.L.J. also found that "Plaintiff's back impairments, and a history of left leg fracture cause more than minimal limitation in the claimant's ability to perform basic work activities." (R. 18.) Further, the A.L.J. found that Plaintiff had the following non-severe impairments: obesity, hypertension, hyperlipidemia, and anxiety. (*Id.*) The A.L.J. then determined

---

[2] 20 C.F.R. § 404.1594 authorizes the Commissioner to perform a periodic review of claimants' benefits to determine if there has been a medical improvement germane to the ability to work.

[3] "Medical improvement" is defined in 20 C.F.R. § 404.1594(b)(1) as "any decrease in the medical severity of [claimant's] impairment(s) which was present the time of the most recent favorable medical decision that [claimant was] disabled or continued to be disabled."

Plaintiff's residual functioning capacity ("RFC"), finding that Plaintiff could:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the clamant [sic] can never climb ladders, ropes, or scaffolds. He can never crawl. He can occasionally perform all other postural movements. He can frequently rotate, flex, or extend the neck. He can occasionally perform foot control operations with the left lower extremity. He must avoid extreme cold, moving machinery, unprotected heights, and excessive vibration.

(R. 18.)

Plaintiff appealed to the Social Security Administration's Appeals Council and that body denied his request for review on February 20, 2019, making the A.L.J.'s decision the final decision of the Commissioner. (R. 1–6.) Plaintiff timely filed this civil action on April 10, 2019, seeking judicial review of the A.L.J.'s decision. (Compl., ECF No. 1.)

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the district court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

229 (1938)); *Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (*per curiam*)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105–06 (2d Cir. 2003); *Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

As set forth above, this case involves the Commissioner terminating Plaintiff's disability insurance benefits. For purposes of disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).

The plaintiff bears the initial burden of showing that the impairment prevents the plaintiff from returning to his or her previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983) (same); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980) ("Once the claimant has established a prima facie case, by showing that his impairment prevents his return to his prior employment, the burden shifts to the Secretary, who must produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform, considering not only his physical capability, but as well his age, his education, his experience and his training.")

In order to determine whether the plaintiff is continuing to suffer from a disability, the A.L.J. must employ an eight-step analysis under Title II for disability. 416.994(b)(5). These steps are like the five steps used to initially determine disability. 20 C.F.R. §§ 404.1520; *see Berry, supra*, 675 F.2d at 467. For Title II disability, the eight steps are:

1.      Whether the claimant engaged in substantial gainful activity;

2.      Whether the claimant suffers from a severe impairment that equals or meets a listed impairment in the Social Security regulations;

3.      Whether there has been medical improvement;

4.      If there has been a medical improvement, whether it is related to the claimant's ability to do work; i.e., whether the residual functional capacity has increased;

5

5.      If there has been no medical improvement, whether an exception under the regulations are applicable;

6.      Whether, with any medical improvement, if all current impairments in combination are severe;

7.      If impairments are severe, whether the claimant can perform substantial gainful activity; and

8.      If unable to perform past work, whether the claimant can do other work given [claimant's] residual functional capacity.

*Fears v. Saul*, No. 18-CV-1078, 2020 WL 562681, at *3 (W.D.N.Y. Feb. 5, 2020) (citing 20 C.F.R. § 404.1594(f)). If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the A.L.J.'s review ends. *Id.*

To determine whether an admitted impairment prevents a claimant from performing past work, the A.L.J. "will assess [claimant's] current ability to do substantial gainful activity," meaning the A.L.J. "will assess [claimant's] residual functional capacity based on all [claimant's] current impairments and consider whether [claimant] can still do work [claimant has] done in the past." 20 C.F.R. § 404.1594(f)(7).

## ANALYSIS

Plaintiff presents five arguments for this Court's review. (Pl.'s Mem. of Law at 1, ECF No. 11-1.) First, Plaintiff asserts that the A.L.J.'s finding of improvement was not based upon substantial evidence. (*Id.*) Next, Plaintiff contends that the A.L.J. failed to consider the favorable opinion of Harbinder Toor, M.D. (*Id.*) Plaintiff also asserts that the A.L.J.'s RFC is not supported by substantial evidence because the A.L.J. relied upon his own lay opinion when arriving at the RFC. (*Id.*) In addition, Plaintiff contends that the A.L.J. failed to fulfill his obligation to develop the record

with respect to Plaintiff's mental health. (*Id.*) Finally, Plaintiff asserts that the Appeals Council improperly rejected evidence. (*Id.*)

***The A.L.J.'s RFC is not supported by substantial evidence where he relied upon his own lay opinion and stale evidence.***

As part of Plaintiff's argument that the A.L.J. based the RFC determination on his own lay opinion, Plaintiff asserts that there was an evidentiary gap in the record because there was no opinion that addressed Plaintiff's impairments after a car accident, in which he was involved in 2017. (Pl.'s Mem. of Law at 18.) Plaintiff contends that since there was no opinion addressing Plaintiff's impairments after the accident, that the A.L.J.'s RFC was based upon his own interpretation of the raw medical data. The Court agrees.

An RFC assessment "is the most [the claimant] can still do despite [his or her] limitations." *Cooks-Sanders v. Saul*, No. 19-CV-264-MJR, 2020 WL 3046183, at *3–4 (W.D.N.Y. June 8, 2020) (quoting 20 C.F.R. § 404.1545(a)(1)). An A.L.J. must assess the claimant's RFC by using "all the relevant evidence in [the] case record." 20 C.F.R. § 404.1545(a)(1). However, there must be "substantial medical evidence to support his opinion." *Salone v. Berryhill*, No. 6:16-CV-06491-MAT, 2018 WL 6333421, at *2 (W.D.N.Y. Dec. 5, 2018) (quoting *Goldthrite v. Astrue*, 535 F. Supp. 2d. 329, 339 (W.D.N.Y. 2008) (remanding, in part, where the RFC finding was not supported by substantial evidence)).

An A.L.J.'s RFC determination need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). However, an A.L.J. is not a medical professional, and

is generally "not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (citation omitted); *Henderson v. Berryhill*, 312 F. Supp. 3d 364, 371 (W.D.N.Y. 2018) (An A.L.J. is [generally] not qualified to rely on only raw medical data to determine a plaintiff's limitations or to determine a plaintiff's RFC). Indeed, "[a]n ALJ is prohibited from 'playing doctor' in the sense that an ALJ [generally] may not substitute his own judgment for competent medical opinion...." *Lawton v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 378, 383 (W.D.N.Y. 2019) (internal quotations and citation omitted).

An exception arises "where the medical evidence shows only minor physical impairments." *Keller v. Comm'r of Soc. Sec.*, 394 F. Supp. 3d 345, 352 (W.D.N.Y. 2019); *Perkins v. Berryhill*, No. 17-CV-6372-FPG, 2018 WL 3372964, at *3 (W.D.N.Y. July 11, 2018). "[W]hen the medical evidence shows only minor physical impairments, an ALJ may assess the RFC using common sense judgment about functional capacity even without a physician's assessment." *Williams v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 411, 417–18 (W.D.N.Y. 2019) (internal quotations and citations omitted) (remanding where the plaintiff's severe impairments were ongoing problems for which she received significant treatment, and finding that a medical opinion relating to Plaintiff's functional limitations was required.)

The record reflects that Plaintiff was involved in a car accident on October 13, 2017, where Plaintiff was purportedly "T-boned" on the driver's door of his vehicle. (R. 484, 508.) It appears that Plaintiff suffered spinal and other injuries as a result of the collision. (R. 484–88.) In his May 2018 decision, the A.L.J. found Plaintiff's

"back impairments . . . [to] cause more than minimal limitation in the claimant's ability to perform basic work activities." (R. 18.) In determining Plaintiff's RFC, the A.L.J. mentions the 2017 car accident and indicates that an MRI taken after the accident:

> revealed straightening of normal cervical lordosis, multilevel disc space narrowing, uncinated spurring and disc osteophyte complexes, and a mid-line annular tear at C6-7; and spondylosis with narrowing of the central canal without cord compression at C3-4 and C4-5 and C5-6. A December MRI of the claimant's lumbar spine showed a L4-5 small disc bulge with minor biforaminal extension and L5-S1 mild facet arthropathy. (15F, 6 and 7)

(R. 19.)

The A.L.J. did not rely on any medical opinion evidence in determining Plaintiff's physical RFC as related to Plaintiff's back impairments after the 2017 accident as there was no such evidence in the record. In other words, there is no medical opinion in the record addressing Plaintiff's post-accident back injuries that links his impairments to any functional limitations as a result of those injuries or indicating if there even were any functional limitations resulting from the accident.

Instead, the A.L.J. merely summarized Plaintiff's doctors' treatment notes and activities without tethering that evidence to the specific abilities and limitations contained in his RFC finding. The A.L.J. improperly relied on his own lay opinion of the medical records to determine Plaintiff's RFC instead of obtaining a medical opinion from a qualified medical source. This is reversible error because it leaves the Court unable to determine if the RFC is supported by substantial evidence.

Moreover, the impairments identified by the A.L.J. from Plaintiff's 2017 MRI are also not minor physical impairments such that the A.L.J. could have possibly

rendered a commonsense judgment regarding their impact on Plaintiff's functional limitations without the aid of a medical expert. The findings of the MRI are complex, and it is difficult for this Court to believe that the A.L.J. understood the findings let alone was able to convert them into functional limitations regarding Plaintiff's ability to perform substantial gainful activity.

This matter must also be remanded because the A.L.J. relied on stale medical opinions when determining Plaintiff's RFC. An A.L.J. may not rely on "medical source opinions that are conclusory, stale, and based on an incomplete medical record" as substantial evidence to support his RFC findings. *Camille v. Colvin*, 104 F. Supp. 3d 329, 343–44 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (citation omitted). "A medical opinion may be stale if it does not account for a plaintiff's deteriorating condition." *Jeffords v. Comm'r of Soc. Sec.*, No. 17-CV-1085-MJR, 2019 WL 1723517, at *6 (W.D.N.Y. Apr. 18, 2019); *Hawkins v. Colvin*, No. 15-CV-6394 CJS, 2016 WL 6246424, at *3 (W.D.N.Y. Oct. 26, 2016) ("the consultative medical examination report was 'stale' at the time of the ALJ's decision, insofar as the report was issued prior to plaintiff's degenerative disc disease becoming symptomatic."); *Girolamo v. Colvin*, No. 13-CV-06309, 2014 WL 2207993, at *7 (W.D.N.Y. May 28, 2014) (A.L.J. improperly relied upon opinions of consulting physicians rendered "prior to [p]laintiff's second surgery in 2011 and the related diagnostic testing associated therewith."); *Jones v. Comm'r of Soc. Sec.*, No. 10-CV-5831, 2012 WL 3637450, at *2 (W.D.N.Y Aug. 22, 2012) (finding that the A.L.J. should not have relied on a medical opinion in part because it "was 1.5 years stale" as of the plaintiff's hearing date and

"did not account for her deteriorating condition.").

Here the most recent opinion relied upon by the A.L.J. that addresses Plaintiff's physical limitations based upon his impairments was a 2016 opinion from the state agency medical consultant S. Putcha, M.D. (R. 20, 401–06.) In the relevant portion of his opinion, Dr. Putcha found that Plaintiff could occasionally lift 20 pounds, could frequently lift 10 pounds, could stand and/or walk for about 6 hours in an 8 hour workday, could sit for about 6 hours in an 8 hour workday, and had an unlimited ability to push and/or pull within the parameters set regarding Plaintiff's ability to lift and/or carry. (R. 402.) However, Dr. Putcha's opinion is stale given that it was rendered prior to Plaintiff's 2017 car accident in which he suffered injuries to his spine that may or may not impact Plaintiff's physical limitations and, therefore, his ability to work. The Court concludes that the A.L.J. erred by relying mainly on one opinion that was rendered more than two years prior to the hearing and approximately nineteen months prior to Plaintiff's 2017 accident when subsequent treatment records show that Plaintiff's back impairments were exacerbated. (R. 13, 406.) Further, considering the A.L.J.'s reliance on this stale opinion, the Court cannot determine whether the RFC was based upon substantial evidence. The forgoing errors require reversal and remand. Since remand is required, the Court need not address the other arguments advanced by Plaintiff in support of his motion.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 11) and denies the Commissioner's motion for judgment on the pleadings (ECF No. 13). Pursuant to the fourth sentence of 42 U.S.C. § 405(g),

this matter is remanded to the Commissioner for a hearing. The Court directs the

Clerk of the Court to enter judgment in favor of Plaintiff and close this case.

IT IS SO ORDERED.

Dated:   September 23, 2020
         Rochester, New York         MARK. W. PEDERSEN
                                     United States Magistrate Judge